UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEFFREY GREEN                                CIVIL ACTION

VERSUS                                       NO: 15-3968

GEICO GENERAL INSURANCE COMPANY              SECTION: "J"(2)

**ORDER AND REASONS**

Before the Court is a *Motion to Remand* **(Rec. Doc. 5)** filed by Plaintiff Jeffrey Green ("Plaintiff") and an opposition thereto (Rec. Doc. 6) filed by Defendant GEICO General Insurance Company ("GEICO"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

This litigation derives from a July 10, 2013 motor vehicle accident, in which Plaintiff sustained injuries. (Rec. Doc. 1-1, at 2.) Plaintiff filed suit against his uninsured/underinsured motorist carrier, GEICO, on December 30, 2014. (Rec. Doc. 1, at 1.) Plaintiff's alleged damages included: mental and physical pain and suffering; medical expenses, inconvenience, loss of enjoyment of life, loss of earning capacity, lost wages, bad faith penalties under Louisiana Revised Statute Title 22, Section 658 and/or Section 1220, and "all damages allowed under

1

Louisiana law [that] may be proven at the trial of this matter." (Rec. Doc. 1-1, at 4.)

Before filing suit, Plaintiff provided GEICO with medical records and other information about his claim. (*See* Rec. Doc. 5-1, at 3, 6-7.) GEICO was served with a copy of Plaintiff's Petition for Damages on January 27, 2015. *Id.* at 1. After Plaintiff filed suit, the parties conducted discovery. Plaintiff provided more information to GEICO through his discovery responses, including his answers to interrogatories and a deposition. *See id.* at 9-11. On August 4, 2015, GEICO received notice that Plaintiff was scheduled for back surgery due to his injuries. (Rec. Doc. 1, at 2.) Plaintiff's counsel sent estimated surgery costs totaling $38,310 to GEICO on August 26. *Id.*

Based on this information about Plaintiff's damages, GEICO filed a notice of removal in this Court on August 31, 2015. *See id.* at 1. GEICO asserted that the federal courts have subject matter jurisdiction over Plaintiff's claim based on United States Code, Title 28, Section 1332. According to GEICO, Section 1332's amount in controversy requirement is satisfied based on Plaintiff's partial recovery on his claim ($74,100 to date), his medical expenses, and the $240,900 remaining on his $300,000 per person uninsured motorist bodily injury limit of liability under his GEICO policy. *Id.* at 3-4. GEICO asserts that the August 26

correspondence confirmed that the amount in controversy exceeded $75,000, making removal appropriate at that time. *Id.* at 4.

On September 28, 2015, Plaintiff filed the instant Motion to Remand. (Rec. Doc. 5.) GEICO opposed this motion on October 13. (Rec. Doc. 6.)

## **PARTIES' ARGUMENTS**

Plaintiff does not contest that this Court has subject matter jurisdiction over this case because the parties are citizens of different states and the amount in controversy exceeds $75,000. Instead, Plaintiff argues that GEICO did not timely remove the case to federal court. The Federal Rules of Civil Procedure required GEICO to file its notice of removal within thirty days of the receipt of a pleading or other paper indicating that the action was removable. Because GEICO filed its notice of removal on August 31, it must have received such paper no earlier than August 1, 2015.

Plaintiff argues that GEICO knew that the action was removable more than thirty days before it filed its notice of removal.[1] First, he contends that removability was apparent based

---

[1] Plaintiff erroneously asserts that GEICO must have received notice of removability on or before July 31, 2015. (Rec. Doc. 5-1, at 1.) However, the Federal Rules of Civil Procedure provide that a defendant may remove a case up to thirty days after receiving such notice. *See* 28 U.S.C. § 1446(b)(3).

3

on his initial Petition for Damages, meaning that the thirty-day clock for removal began running on January 27, 2015. Alternatively, Plaintiff argues that removability was apparent based on other documents and information provided to GEICO, both before and after Plaintiff filed suit. GEICO received these documents before August 1, 2015. Because GEICO failed to remove the case within thirty days of receiving these other papers, Plaintiff asserts that removal is untimely and a remand to state court is appropriate.

In its opposition, GEICO argues that removability was not apparent from either the petition or any other paper received before August 1, 2015. The petition, it asserts, did not affirmatively allege a specific amount of damages or allege that the amount in controversy exceeded the federal minimum. GEICO also argues that any papers it received before it was served with Plaintiff's petition did not trigger removability according to Fifth Circuit precedent. Finally, GEICO claims that the documents and information it received post-service did not clearly and unambiguously represent that the amount in controversy exceeded $75,000. GEICO points out that Plaintiff's injuries were of unknown duration and severity until Plaintiff underwent surgery in August 2015. According to GEICO,

---

Therefore, GEICO must have received notice of removability no earlier than August 1, which is thirty days before it filed the notice of removal.

4

removability became apparent when it received an estimate of $38,310 in medical bills for Plaintiff's surgery on August 26. When added to the amounts previously tendered to Plaintiff, the total value of the claim exceeded $75,000.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The district courts have original jurisdiction over cases involving citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest or costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

The procedure for removal of civil actions derives from United States Code Title 28, Section 1446. Section 1446(b) provides that the notice of removal "shall be filed within [thirty] days after receipt by the defendant, through service or

otherwise, of a copy of the initial pleading" if such initial pleading indicates that the civil action is removable. 28 U.S.C. § 1446(b)(1). If it only becomes clear that the action is removable after receipt of "an amended pleading, motion, order or other paper," then the notice of removal "may be filed within [thirty] days [of] receipt" of that document. *Id.* § 1446(b)(3).

The United States Court of Appeals for the Fifth Circuit has held that the initial pleading triggers "the thirty-day removal period under [Section 1446(b)(1)] only where the initial pleading '*affirmatively reveals on its face* that the that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). The Fifth Circuit has "specifically declined to adopt a rule [that] would expect defendants to 'ascertain[] from the circumstance[s] and the initial pleading that the [plaintiff] was seeking damages in excess of the minimum jurisdictional amount.'" *Id.* (brackets in original). Thus, a defendant's subjective knowledge from outside the initial pleading does not render the action removable. *See id.* at 399-400. The Fifth Circuit espouses a bright line rule under which the plaintiff must include in the initial pleading either the exact damages amount or "a specific allegation that damages are in excess of

6

the federal jurisdictional amount" to trigger the removal clock. *Id.* at 399 (quoting *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir. 2002)).

When the initial pleading does not affirmatively reveal that the case is removable, the removal clock is triggered only when an amended pleading, motion, order, or other paper subsequently enables a defendant to ascertain that the action is removable. *See* 28 U.S.C. § 1446(b)(3). Based on the plain language of Section 1446(b), the Fifth Circuit has held that the defendant must receive the other paper after the original pleading. *Chapman*, 969 F.2d at 164. Any information received by the defendant prior to the service of the initial pleading does not constitute other paper for removal purposes. *See id.* On the other hand, correspondence between parties and discovery documents may be other paper in some circumstances. *Eggert v. Britton,* 223 Fed. App'x 394, 396-97 (5th Cir.2007). The other paper conversion requires a voluntary act by the plaintiff. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). Thus, evidence of the defendant is not other paper. *Id.*

To trigger the removal clock, the "information supporting removal contained in the other paper must be unequivocally clear and certain." *Fortenberry v. Prine*, No. 14-56, 2014 WL 2993668, at *2 (S.D. Miss. July 2, 2014) (quoting *Bosky*, 288 F.3d at 211) (internal quotation marks omitted). Other papers describing

7

injuries and other damages that seem likely to exceed the amount in controversy requirement, but not showing unequivocally that the requirement is met, are insufficient to trigger the removal clock. *See id.* at *4. "Defendant's subjective knowledge cannot convert a non-removable action into a removable action." *Fellowship Missionary Baptist Church v. GuideOne Specialty Mut. Ins. Co.*, No. 08-2659, 2008 WL 2951347, at *3 (E.D. La. July 25, 2008) (citing *S.W.S. Erectors,* 72 F.3d at 494); *see Bosky,* 288 F.3d at 209 (rejecting argument that defendant could have ascertained removability from discovery response regarding medical bills, when considered with prayer for other liquidated damages in petition and general knowledge about damages in similar cases.)

## DISCUSSION

### A. Petition for Damages

First, Plaintiff argues that the thirty-day removal clock began running when GEICO was served with his petition on January 27, 2015. (Rec. Doc. 5-1, at 4.) The petition contained allegations suggesting that Plaintiff had incurred damages in excess of $75,000. For example, Plaintiff alleged that Louisiana statutes imposing bad faith damages on insurers applied to GEICO. *Id.* These laws would allow Plaintiff to receive penalties in the amount of double the damages sustained or $5,000, whichever was greater. *Id.* Also, Plaintiff claimed that GEICO

8

was liable for penalties consisting of half the amount owed by GEICO to Plaintiff. *Id.* In addition, Plaintiff requested a jury trial, which is only available in Louisiana when the amount in controversy exceeds $50,000. *Id.* at 5.

However, Plaintiff did not allege specifically that the amount in controversy exceeded the minimum amount required to invoke a federal court's diversity jurisdiction. Louisiana law prohibited Plaintiff from alleging a specific amount of monetary damages, but Plaintiff could have stated that the federal amount in controversy requirement was satisfied. Because Plaintiff failed to do so, the thirty-day removal clock did not begin running when GEICO was served with the petition on January 27, 2015.

### B. Other Papers

Second, Plaintiff argues that GEICO received other papers from which it could have ascertained that the case was removable. Because GEICO failed to file a notice of removal within thirty days of receipt of those papers, Plaintiff contends that removal was untimely. Plaintiff identifies the following other papers: (1) a "settlement demand" sent by Plaintiff's counsel to GEICO on March 7, 2014; (2) a MRI report received by GEICO on February 21, 2014; (3) medical records from Southern Brain and Spine dated September 4, 2013 and received by GEICO on an unknown date; (4) Plaintiff's answers to interrogatories propounded by

9

GEICO, received on March 17, 2015; (5) medical records from Crescent City Surgical Center, dated February 27, 2015 and March 24, 2015; and (6) Plaintiff's deposition testimony on July 14, 2015. (Rec. Doc. 5-1, at 5-11.)

The March 7 letter and the MRI report do not qualify as statutory other papers. The plain language of Section 1446 provides that the defendant must receive the other paper after service of the initial pleading. *Chapman*, 969 F.2d at 164. Plaintiff's counsel sent its settlement demand to GEICO on March 7, 2014. GEICO received the MRI report on February 21, 2014. Plaintiff did not file suit until December 30, 2014 and did not serve GEICO until January 27, 2015. Because GEICO received these documents in 2014, before Plaintiff filed suit, they do not qualify as other papers. Presuming GEICO also received the September 4, 2013 records before service of the petition, these records also were not other papers. Thus, the thirty-day removal clock did not begin running when Plaintiff filed suit.

Similarly, Plaintiff's other medical records, discovery responses, and deposition do not demonstrate "unequivocally clear and certain" removability. *See Bosky*, 288 F.3d at 211. First, the September 10, 2013 report reveals that Plaintiff suffered herniated discs in his cervical spine and lumbar spine as a result of the accident. (Rec. Doc. 5-1, at 7.) Plaintiff points to cases involving similar injuries in which the

10

plaintiff received damages exceeding $75,000. *Id.* at 7-8. According to Plaintiff, removability was apparent based on this record, coupled with knowledge of similar cases. *Id.* at 7. Also, the records from Crescent City Surgical Center show that Plaintiff received epidural steroid injections and was charged $2,955.73. (Rec. Doc. 5-7, at 1-2.)

Second, in his answers to GEICO's interrogatories, Plaintiff stated that his cause of action exceeded $50,000. (*See* Rec. Doc. 5-1, at 9.) Plaintiff argues that GEICO could have ascertained that the amount in controversy requirement was satisfied based on this answer and Plaintiff's demand for bad faith damages in his petition. *Id.* Also, Plaintiff provided his annual salary in his answers to GEICO's interrogatories. *Id.* at 10-11. According to Plaintiff, GEICO's knowledge about Plaintiff's salary and his claim for lost wages gave rise to the inference that Plaintiff's claim exceeded $75,000. *See id.*

Third, Plaintiff also argues that GEICO knew that Plaintiff might undergo a lumbar miscrodiscectomy surgery, which he revealed during his July 14 deposition. *Id.* at 11. Finally, Plaintiff contends that he supplied GEICO with a list of his medical providers, from whom GEICO obtained medical records pursuant to a subpoena duces tecum. *Id.* at 10. Based on these records, Plaintiff argues, GEICO could have ascertained that the cause of action exceeded $75,000 and the case was removable.

11

However, removability was not unequivocally clear and certain based on these documents. *See Fortenberry,* 2014 WL 2993668, at *4. Plaintiff's medical records do not qualify as other papers, even if GEICO received them after service of the petition. The September 10 records do not include the costs of medical bills, and GEICO's subjective knowledge about damages for similar injuries is irrelevant to the removal analysis. The Crescent City Surgical Center records only show $2,955.73 in medical expenses. In his answers, Plaintiff merely stated that his cause of action exceeded $50,000. In his written discovery responses, Plaintiff provided his yearly salary, which exceeded $75,000, but he did not state the amount of lost wages he incurred. Plaintiff's deposition also did not show damages exceeding $75,000. As of the time of his deposition, Plaintiff's surgery was uncertain, and his future medical expenses were unknown.

GEICO may have inferred from these documents that the amount in controversy requirement was satisfied. However, under Fifth Circuit precedent, the defendant's ability to infer removability is not sufficient. GEICO's subjective knowledge about the amount in controversy did not convert a non-removable case to a removable one. *Fellowship Missionary Baptist Church*, 2008 WL 2951347, at *3. Because removability was not unequivocally clear and certain, the thirty-day clock did not begin running when

GEICO received these discovery responses. Thus, GEICO timely filed its notice of removal in this Court.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 5)** is **DENIED**.

New Orleans, Louisiana this 14th day of October, 2015.

                                                                CARL J. BARBIER
                                                                UNITED STATES DISTRICT JUDGE